[Cite as *State v. Vaughn*, 2023-Ohio-1560.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30428 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM A. VAUGHN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 22 03 0886 |

## DECISION AND JOURNAL ENTRY

Dated: May 10, 2023

HENSAL, Judge.

**{¶1}** William Vaughn appeals a sentence imposed by the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Mr. Vaughn pleaded guilty to one charge of felonious assault, a second-degree felony. The trial court referred the case for a presentence investigation then sentenced Mr. Vaughn to a stated prison term of three to four and one-half years. Mr. Vaughn appealed his sentence, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT FAILED TO PROPERLY CONSIDER THE SENTENCING FACTORS AS SET FORTH IN [REVISED CODE SECTION] 2929.11 AND 2929.12.

**{¶3}** Mr. Vaughn's assignment of error argues that his sentence is contrary to law because the trial court did not properly consider the factors relevant to overcoming the presumption that he should be sentenced to prison.

**{¶4}** A prison term is presumed to be necessary for first- and second-degree felonies. R.C. 2929.13(D)(1). That presumption may be overcome if the sentencing court finds, with reference to the factors set forth in Revised Code Section 2929.12, that (1) community control would adequately punish the offender and protect the public given the relative likelihood of recidivism and (2) that community control would not demean the seriousness of the offense "because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense." R.C. 2929.13(D)(2)(b).

**{¶5}** This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. *See also* R.C. 2953.08(G)(2). Section 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39. *See also State v. Brunson*, Slip Opinion No. 2022-Ohio-4299, ¶ 69. In this case, however, Mr. Vaughn maintains that his sentence is "otherwise contrary to law" because the trial court erred by concluding that the presumption in favor of a prison term had not been overcome under Section 2929.13(D)(2).

{¶6} This Court's review is constrained by the fact that the presentence investigation report is not part of the record on appeal. When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶7} The trial court's decision to sentence Mr. Vaughn to prison was based, in large part, on the contents of the presentence investigation report. Accordingly, without the context that the report would provide, this Court cannot determine that there is clear and convincing evidence in the record that Mr. Vaughn's sentence is contrary to law. *See State v. Shelton*, 9th Dist. Lorain No. 18CA011368, 2019-Ohio-1694, ¶ 8. Mr. Vaughn's assignment of error is overruled.

III.

{¶8} Mr. Vaughn's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

NATHAN A. RAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.