[Cite as *State v. Rankin*, 2024-Ohio-1570.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     30790 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAVION D. RANKIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.     CR-2021-04-1614 |

DECISION AND JOURNAL ENTRY

Dated: April 24, 2024

HENSAL, Judge.

**{¶1}** The State of Ohio appeals a judgment of the Summit County Court of Common Pleas that sentenced Javion Rankin to community control. For the following reasons, this Court vacates the sentence.

I.

**{¶2}** The Grand Jury indicted Mr. Rankin on one count of robbery, a felony of the second degree, after he attempted to steal a woman's purse from her shoulder. He remained in jail for more than two years while awaiting trial for the charge in this case and in two unrelated theft and aggravated murder cases. He later decided to plead no contest to the robbery charge.

**{¶3}** After the trial court accepted Mr. Rankin's plea and found him guilty of the offense, it scheduled the matter for sentencing. The woman Mr. Rankin attacked appeared at his sentencing hearing. She described the attack and expressed the sizable impact it continued to have on her daily life. Citing the impact on the victim, Mr. Rankin's prior record, and the nature of his charges,

the State asked the trial court to sentence him to between seven to ten-and-a-half years in prison. Mr. Rankin, noting that he had already been incarcerated for more than two years while awaiting trial, asked the court to sentence him to time served. The trial court ultimately sentenced Mr. Rankin to three years of community control. The State has appealed Mr. Rankin's sentence, assigning as error that the court did not make the findings required to overcome the presumption of a prison sentence.

II.

ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED BY IMPOSING A TERM OF COMMUNITY CONTROL FOR A SECOND-DEGREE FELONY OFFENSE WITHOUT MAKING THE REQUIRED FINDINGS UNDER R.C. 2929.13(D) TO OVERCOME THE PRESUMPTION IN FAVOR OF PRISON THAT ATTACHED TO THAT OFFENSE.

{¶4} In its assignment of error, the State argues that the trial court erred when it sentenced Mr. Rankin to community control. Specifically, the State argues that the trial court failed to make required statutory findings when it deviated from the statutory presumption in favor of prison. Under Revised Code Section 2929.13(D)(1), "[a] prison term is presumed to be necessary for first- and second-degree felonies." *State v. Vaughn*, 9th Dist. Summit No. 30428, 2023-Ohio-1560, ¶ 4, citing R.C. 2929.13(D)(1). The court may deviate from that presumption only if it makes certain statutory findings. *See* R.C. 2929.13(D)(2). Those findings are that "community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime * * *" and that "[a] community control sanction or a combination of community control sanctions would not demean the seriousness of the offense * * *." *Id*.

{¶5}  At the sentencing hearing, the trial court noted that Mr. Rankin had already served 830 days in jail, which was almost 28 months.   It stated that, "in light of the posture of Mr. Rankin's other case," it was going to place him on three years of community control and waive the fine associated with the offense.  The court did not mention whether it found that community control would adequately punish Mr. Rankin, protect the public from future crime, and would not demean the seriousness of the offense.  We, therefore, conclude that it did not comply with Section 2929.13(D)(2).

{¶6}  Mr. Rankin argues that the State forfeited its argument because it did not object after the trial court announced his sentence at the sentencing hearing.  "Crimes are statutory," however, "as are the penalties therefor[,] and the only sentence which a trial court may impose is that provided for by statute." *Colegrove v. Burns*, 175 Ohio St. 437, 438 (1964).  "A court has no power to substitute a different sentence for that provided for by statute[.]" *Id*.  Accordingly, the State could not forfeit the trial court's failure to comply with Section 2929.13(D)(2) when the court announced its sentence.  Furthermore, Section 2953.08(G)(1) provides that, "[if] the sentencing court was required to make  * * * findings required by [Section 2929.13(D)] * * * and * * * failed to state the required findings on the record, the court hearing an appeal * * * shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings."

{¶7}  Upon review of the record, we conclude that Mr. Rankin's sentence must be vacated, and this matter remanded for resentencing.  The State's assignment of error is sustained.

III.

{¶8}  The State's assignment of error is sustained.  The judgment of the Summit County Court of Common Pleas is vacated, and this matter is remanded for resentencing.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CONCURRING.

**{¶9}** I concur. I write separately to note that, even if I were to agree that the State forfeited the argument, I would review it for plain error, and sustain the State's assignment of error. Rankin committed an extremely serious offense, the likes of which did not justify a deviation from the presumption of prison. He snatched the victim from the front door of her apartment building

and repeatedly stomped on her head and body as he attempted to wrench her purse away from her. Rankin had prior convictions for other violent crimes, including assault. He also was subject to pending charges for aggravated murder and theft in another case. The theft charge resulted from conduct Rankin allegedly committed only hours after the robbery in this case. Under these facts and circumstances, the trial court's sentencing error is obvious and affected substantial rights. *See* Crim.R. 52(B).

FLAGG LANZINGER, J.
DISSENTING.

{¶10} I respectfully dissent. I would conclude that the State forfeited its sole assignment of error by failing to raise its argument at the trial court level.

{¶11} "Failure to object to the sentencing procedure of the trial judge constitutes a forfeiture of the alleged error." *State v. Burton*, 9th Dist. Summit No. 22707, 2006-Ohio-391, ¶ 22. *Accord State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus (appellate courts generally will not consider an error that could have been raised "at a time when such error could have been avoided or corrected by the trial court"). The plain error doctrine allows this Court to take notice of errors affecting a substantial right even though they were not brought to the attention of the trial court. Crim.R. 52(B). Yet, "[t]his Court will not undertake a plain error analysis sua sponte when the appellant has failed to assert such an argument in [its] brief." *State v. Singer*, 9th Dist. Medina No. 22CA0039-M, 2023-Ohio-2636, ¶ 26.

{¶12} The record reflects that the State did not raise its sentencing argument in the lower court. The State asked the trial court to sentence Rankin to between seven to ten-and-a-half years in prison on his robbery charge. Meanwhile, Rankin asked the trial court for time served. The State did not reference R.C. 2929.13 or otherwise argue that there was a statutory presumption in

favor of prison. When the trial court indicated that it would be sentencing Rankin to three years of community control, the State did not object. *Compare State v. Ford*, 9th Dist. Summit No. 24286, 2009-Ohio-3864, ¶ 3. It did not argue that the trial court had failed to make the required statutory findings. It did not enter a general objection to the trial court's proposed sentence. Further, it did not later file any type of written objection that might have served as a substitute for a contemporaneous objection. *Compare State v. Ross*, 9th Dist. Lorain No. 21CA011729, 2023-Ohio-1185, ¶ 62 (State sufficiently preserved sentencing argument when it filed motion to correct sentence before trial court journalized defendant's sentence). The State has raised its sentencing argument for the first time on appeal. Thus, it failed to bring the alleged sentencing error to the attention of the trial court at a time when the trial court could have corrected it. *See State v. McKee*, 91 Ohio St.3d 292, 294 (2001); *Childs* at paragraph three of the syllabus. The State's failure to object to the trial court's sentencing procedure resulted in a forfeiture of the error it now alleges. *Burton* at ¶ 22.

{¶13} While forfeiture would not preclude the State from arguing plain error on appeal, it has not done so. This Court has repeatedly held that we will not construct an argument on an appellant's behalf. *See Singer*, 2023-Ohio-2636, at ¶ 26. Because the State failed to preserve its argument for appeal, I would overrule its assignment of error strictly on that basis.

APPEARANCES:

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellant.

DONALD MALARCIK, Attorney at Law, for Appellee.

ALAN MEDVICK, Attorney at Law, for Appellee.