[Cite as *State v. Rodriguez*, 2024-Ohio-4653.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240065 |
| | | TRIAL NO. B-2300965 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| KEANNA RODRIGUEZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 25, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.
.

**ZAYAS, Judge.**

**{¶1}** Keanna Rodriguez pled guilty to felonious assault, a second-degree felony, and in exchange, two additional counts of felonious assault were dismissed. Rodriguez was sentenced to an indefinite prison term of three to four-and-a-half years. Rodriguez appeals her sentence, arguing that the trial court erred by finding that the presumption in favor of a prison term had not been overcome, imposing a prison sentence, and failing to notify her about postrelease control. For the following reasons, we affirm the trial court's judgment in part, reverse the judgment in part, and remand the cause to the trial court.

## Factual Background

**{¶2}** Rodriguez was indicted for three counts of felonious assault in violation of R.C. 2903.11(A)(2). According to the bill of particulars, Rodriguez attempted to strike a car occupied by three women by opening her driver's side door into the vehicle. Then Rodriguez rear-ended the women's car, forcing the car off the road. Rodriguez approached the vehicle, opened the driver's door, pulled the driver, C.L.[1], by her hair from the vehicle, and punched her in the face several times.

**{¶3}** Rodriguez entered into a plea agreement with the state whereby she pled guilty to one count of felonious assault, and the state dismissed the other two counts.

**{¶4}** During the sentencing hearing, Rodriguez sought to rebut the presumption of a prison term. In mitigation, Rodriguez asserted that she had recently sought psychiatric help and was diagnosed with borderline personality disorder. Admittedly, Rodriguez has had a history of inappropriate reactions, including

---

[1] In accordance with the newly updated Ohio Supreme Court's Writing Manual Section Sixteen, we refer to the victims by their initials.

"explod[ing] and then regret[ting]" her conduct. In this instance, the offense was prompted by a romantic love triangle involving Rodriguez.

{¶5} The court acknowledged reading the presentence investigation and requested a brief discussion with counsel in chambers. When they returned, the court explained that it mistakenly believed the plea agreement included an agreed sentence. The court took a recess to review the victim-impact statements and the documents regarding Rodriguez's mental health.

{¶6} When the hearing continued, the judge informed Rodriguez that his sentencing decision, which he did not take lightly, would impact two or three lives. The court informed Rodriguez that it had carefully reviewed everything, and then proceeded to hear from the victims.

{¶7} According to C.L., Rodriguez and she had been in a relationship for the past five years. But, for the past two years, Rodriguez was secretly in a relationship with I.S. C.L. requested a prison sentence of three years. C.L. had previously addressed the court during pretrial hearings. At the October 23, 2023 hearing, C.L. informed the court she would agree to a plea arrangement if it included a sentence of three to four years for Rodriguez.

{¶8} Another victim, C.M., also addressed the court at the October hearing. She informed the court that the car belonged to her. C.M. and C.L., who worked together, lost their jobs due to this incident. C.M. incurred medical bills and spent about $12,000 on car repairs. Rodriguez drove into her "full speed," destroying her vehicle and knocking the car into someone's front yard. C.M. was hospitalized and missed a week-and-a-half of work. C.M. requested a prison sentence because, "Probation would be a slap on the wrist and it's just not fair."

3

{¶9}   C.M. spoke during the sentencing hearing and again requested a prison term.  She explained that she did not know Rodriguez at the time of the offense.  According to the prosecutor, the specific recommendation by the victims was a three-year prison term.

{¶10}  Rodriguez's mother, Michelle Miller, informed the court that a prison sentence would not help Rodriguez's mental-health issues.  Miller had dealt with Rodriguez's explosive episodes for years and requested mental-health treatment for her daughter.

{¶11}  A third victim who was in the car, I.S., knew about Rodriguez's long-term mental-health issues since they had attended middle school together.  I.S. expressed her desire to reestablish her relationship with Rodriguez since she had broken off her relationship with C.L.  I.S. explained that Rodriguez did not intend to rear-end C.M.'s car.  C.L. slammed on the brakes when I.S. requested to get out of the car, and Rodriguez rear-ended the vehicle.

{¶12}  Rodriguez expressed her remorse for her conduct and apologized to the victims.  Her counsel requested a sentence of community control or house arrest instead of a prison term.

{¶13}  The trial court sentenced her to a prison term of three to four-and-a-half years and began to provide the Reagan Tokes notifications.  When Rodriguez was being placed in handcuffs, she disrupted the proceedings and was removed from the court.  The proceedings were briefly paused, while her attorney calmed her down and brought her back into the courtroom.  The sentencing resumed, and the court finished the notifications.  Rodriguez asked the court to reconsider the sentence, and the court responded:

Ma'am, I just can't let you intentionally run somebody off the road and attempt to kill them and you not be punished for it. Kids these days, they just don't control their emotions and now you're in front of me making it hard for everyone. I don't want to see you go to prison, but the law dictates that there's a presumption you're going to serve prison for this and I didn't see anything to rebut that presumption at this time.

## Presumption of a Prison Term

**{¶14}** In her first assignment of error, Rodriguez contends that the trial court's sentence was contrary to law because the presumption of a prison term was rebutted, and the court should have imposed community control.

**{¶15}** Under R.C. 2953.08(G)(2), an appellate court may vacate or modify a felony sentence only if it "determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. A sentence is contrary to law if the trial court fails to consider the sentencing factors. *See State v. Smith*, 2020-Ohio-3516, ¶ 12 (1st Dist.). Although a court must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, the court is not required to "make any specific factual findings on the record." *State v. Bryant*, 2022-Ohio-1878, ¶ 20, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 20.

**{¶16}** Rodriguez was convicted of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. Under R.C. 2929.14(A)(2), the prison term ranges from two to eight years. For a second-degree felony, "It is presumed that a prison term is necessary in order to comply with the purposes and principles of

5

sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D)(1).

{¶17} In order to impose community control, a trial court must make specific findings that the presumption of incarceration has been overcome. *See* R.C. 2929.13(D)(2); *State v. Jones*, 2022-Ohio-3349, ¶ 8 (2d Dist.). After considering the seriousness and recidivism factors in R.C. 2929.12, the court must find: (1) community control would adequately punish the offender and protect the public because the chance of recidivism is low; and (2) community control would not demean the seriousness of the offense because the offense was less serious than conduct normally constituting the offense. R.C. 2929.13(D)(2)(a), (b). "However, a trial court is not required to make findings with respect to the presumption of incarceration when the court follows the presumption by imposing a prison term." *Jones* at ¶ 9.

{¶18} Here, the trial court indicated that it had considered the presentence-investigation report, victim-impact statements, the documents regarding Rodriguez's mental health, and the oral statements of the victims and Rodriguez's mother. The court informed Rodriguez that "the law dictates that there's a presumption you're going to serve prison for this, and I didn't see anything to rebut that presumption at this time." Although the court did not specifically address the R.C. 2929.12 factors, the record supports the inference that the court considered them. A court is not required to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12]." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶19} In essence, Rodriguez takes issue with the court's application of the statutory factors in R.C. 2929.12, but an appellate court is prohibited from "independently weighing the evidence in the record and substituting its judgment for

that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12." *State v. Sanon*, 2023-Ohio-2742, ¶ 75 (1st Dist.), citing *State v. Jones*, 2020-Ohio-6729, ¶ 39.

{¶20} Moreover, when a sentence is imposed within the permissible statutory range and the court considers the relevant sentencing statutes, as was done here, the sentence is not clearly and convincingly contrary to law. *State v. Collier-Green*, 2023-Ohio-2143, ¶ 12 (1st Dist.), quoting *State v. Ahlers*, 2016-Ohio-2890, ¶ 8 (12th Dist.). Therefore, we have no basis to conclude the sentence is contrary to law.

{¶21} Rodriguez also contends that the trial court erred by failing to provide notice of postrelease control. The state concedes the error, and agrees the cause should be remanded to the trial court to provide the proper postrelease-control notifications.

{¶22} Accordingly, we overrule the first assignment of error in part, sustain it in part, and remand the cause to the trial court to provide the postrelease-control notifications.

## Conclusion

{¶23} We remand the cause to the trial court to provide the postrelease-control notifications to Rodriguez. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:
    The court has recorded its own entry this date.