[Cite as *State v. Nosrati*, 2025-Ohio-2343.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Andrew J. King, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Kevin W. Popham, J. |
| -vs- | |
| MAJID NOSRATI | Case No. 24 CAA 11 0102 |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:  Appeal from the Delaware County Court of Common Pleas, Case No. 24 CRI 020137

JUDGMENT:  Judgment Reversed and Remanded for Resentencing


DATE OF JUDGMENT ENTRY:  July 2, 2025

APPEARANCES:

For Plaintiff-Appellant

KATHERYN L. MUNGER
Delaware County Prosecutor's Office
Assistant Prosecuting Attorney
117 North Union Street
Delaware, Ohio 43015

For Defendant-Appellee

APRIL F. CAMPBELL
Campbell Law, LLC
6059 Frantz Road, Suite 206
Dublin, Ohio 43017

*Hoffman, J.*

{¶1} Plaintiff-appellant the State of Ohio appeals the judgment entered by the Delaware County Common Pleas Court convicting Defendant-appellee Majid Nosrati following his plea of guilty to felonious assault (R.C. 2903.11(A)(2)), and sentencing him to a term of community control not to exceed three years.

STATEMENT OF THE FACTS AND CASE

{¶2} On February 25, 2024, Appellee invited the victim, who was a friend of Appellee's, to his home for dinner and drinks. Appellee became intoxicated, and became angry with the victim. Appellee broke a glass bottle, and using the neck of the broken bottle, Appellee stabbed the victim's neck just below the victim's ear. Appellee then grabbed a knife, and began chasing the victim with the knife. Appellee stabbed the victim with the knife, causing a large laceration on the victim's back. The victim was able to flee the home, and went to the hospital for treatment.

{¶3} Appellee was indicted by the Delaware County Grand Jury with two counts of attempted murder and two counts of felonious assault. Pursuant to a negotiated plea, Appellee pled guilty to one count of felonious assault, and the State dismissed the remaining charges.

{¶4} A presentence investigation was completed and the case proceeded to a sentencing hearing. The State recommended a prison term of eight years. The trial court imposed a term of community control not to exceed three years. It is from the November 5, 2024 judgment of the trial court the State prosecutes its appeal, assigning as error:

THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT DID NOT INCLUDE A PRISON TERM, DESPITE A PRESUMPTION FAVORING A PRISON TERM FOR THE OFFENSE FOR WHICH IT WAS IMPOSED.

**{¶5}** The State argues the trial court erred in sentencing Appellee to community control without making the findings required by R.C. 2929.13(D)(2).  We agree.

**{¶6}** In the instant case, Appellee was convicted of felonious assault, a second-degree felony.  R.C. 2929.13(D) provides:

(D)(1) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Division (D)(2) of this section does not apply to a presumption established under this division for a violation of division (A)(4) of section 2907.05 of the Revised Code.

(2) Notwithstanding the presumption established under division (D)(1) of this section for the offenses listed in that division other than a

violation of division (A)(4) or (B) of section 2907.05 of the Revised Code, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶7} The sentencing factors as set forth in R.C. 2929.12 are as follows:

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm, including serious physical harm the victim caused to the victim's self, as a result of the offense.

(3) The victim died by suicide as a result of the offense.

(4) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(5) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(6) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(7) The offender's relationship with the victim facilitated the offense.

(8) The offender committed the offense for hire or as a part of an organized criminal activity.

(9) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(10) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) Except as provided in division (G) of this section, the offender shows genuine remorse for the offense.

**{¶8}** The sentencing court must make both of the findings specified in R.C. 2929.13(D)(2) before it may deviate from the R.C. 2929.13(D)(1) presumption a prison

term should be imposed, and the trial court must make the findings at the sentencing hearing. *E.g., State v. Fisher*, 2013-Ohio-4063, ¶ 7 (10th Dist.).[1]

**{¶9}** While the law is not clear regarding the degree of specificity with which the trial court must make the findings required by R.C. 2929.13(D)(2) to overcome the presumption of a prison sentence, the Ohio Supreme Court has provided guidance concerning the requirements of findings in support of the imposition of consecutive sentences as required by R.C. 2929.14(C). The trial court must make the R.C. 2929.14(C)(4) findings, but has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. We find the guidance set forth regarding consecutive sentencing to be instructive in the instant case, and look to the trial court's statements at the sentencing hearing to determine if we can discern the trial court engaged in the correct analysis required by R.C. 2929.13(D)(2).

**{¶10}** At the sentencing hearing, the parties argued their respective positions with regard to whether the statutory presumption in favor of prison had been overcome. The trial judge stated he was thinking about what to do, considering all of the statements made in the hearing, as well as the information in the PSI. The trial court noted Appellee was

---

[1] Because the trial court is statutorily required to make these findings in order to impose a sentence of community control in this case, we reject Appellee's argument the State has waived all but plain error by its failure to object to the trial court's failure to make the statutory findings.

a high school graduate and spent thirteen days in jail in connection with the case. The court noted Appellee's statement in the PSI set forth Appellee and the victim had been friends for ten years, Appellee never wanted to hurt the victim, and Appellee was suffering from complex post-traumatic stress disorder. Appellee stated the victim was drunk when he came to Appellee's house for dinner, and the victim "kept making sexual comments." Sent. Tr. 24. Appellee became angry, asked the victim to leave, and then lost control. Appellee stated he did not remember what happened after that. Appellee represented in the PSI his issues came from his mental health and alcoholism, he is no danger to society, and he hoped the victim could forgive him.

{¶11} The trial court noted Appellee's prior record included a disorderly conduct conviction in 2009, a reckless operation traffic offense in 2019, a disorderly conduct conviction in 2022, and an OVI conviction. The OVI conviction occurred just a few weeks before the crime in the instant case. Appellee's traffic record included four speeding tickets, two reckless operation offenses, and a stop sign violation. Appellee was employed as part-owner of Yummy Baker for fifteen years.

{¶12} The trial court also discussed the victim impact statement. The victim wrote he suffered severe lacerations to his head, neck, and back which required both stitches and staples to close. The victim was in therapy for PTSD, anxiety, and sleep disturbances. The victim described the harm as "profound and life changing." Sent. Tr. 25. The victim stated he was unable to return to work, was in therapy once a week, and the family was considering moving to a new location for safety reasons. The victim stated he would not feel safe if Appellee was placed on probation.

**{¶13}** The trial court referenced a report indicating Appellee is in treatment for complex post-traumatic stress disorder, bipolar disorder, anxiety, insomnia, and has a history of alcohol and benzodiazepine use. The report indicated Appellee was actively participating and complying with his treatment program.

**{¶14}** The trial court concluded:

> I did look at recidivism and seriousness factors that apply in a felony case.
>
> Factors that suggest recidivism is more likely include the fact that Mr. Nosrati was out on bail when the offense was committed, there is a history of some violations of law in the past as an adult, and of course there was a demonstrated pattern of alcohol abuse tied to the offense, though there does appear to be an engagement in treatment now.
>
> A factor that suggests recidivism is not as likely is the lack of a juvenile delinquency record.
>
> A factor of course that made this a more serious case is the serious physical as well as it seems psychological and now economic harm caused.
>
> The computerized risk assessment tool put Mr. Nosrati in the low risk category for likelihood of reoffending.
>
> After thinking about all these things, I will impose in the case a community control sentence. The community control period will last for three years starting today.

**{¶15}** Sent. Tr. 26-27.

**{¶16}** From the trial court's statements on the record, we find the record demonstrates the trial court made a finding, required by R.C. 2929.13(D)(2)(a), that the applicable factors set forth in R.C. 2929.12 indicate a lesser likelihood of recidivism outweigh the factors indicating a greater likelihood of recidivism. Although the trial court did not expressly make such a finding using the statutory language, the trial court set forth the applicable factors suggesting recidivism is less likely, as well as those which suggest recidivism is more likely. The parties argued extensively concerning whether or not the presumption of a prison sentence was overcome in this case. Therefore, when the trial court set forth the factors it considered regarding whether recidivism was more or less likely in thiis case, and concluded community control was appropriate, we find the trial court made the requisite finding "[a] community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism." R.C. 2929.13(D)(2)(a).

**{¶17}** Pursuant to R.C. 2929.13(D)(2)(b), the trial court was also required to find "[a] community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."

{¶18} We find the record does not demonstrate the trial court made this finding. The trial court stated a factor which made this more serious is the serious physical, psychological, and economic harm caused to the victim. However, the trial court did not make any findings concerning what would make Appellee's conduct less serious than that which normally constitutes the offense of felonious assault. While the trial court stated generally it considered the seriousness factors under R.C. 2929.12, the trial court is required to do so in every case involving felony sentencing. We do not find the trial court made a finding a community control sanction would not demean the seriousness of the offense because one or more factors indicating Appellee's conduct was less serious than conduct normally constituting the offense was applicable and outweighed its finding indicating the conduct was more serious.

{¶19} Further, the trial court's sentencing entry does not provide further guidance, as it cites only generally to R.C. 2929.11 and .12, and finds Appellee is "amenable" to community control, which is not included in the findings a trial court is required to make pursuant to R.C. 2929.13(D)(2) to overcome the presumption of a prison sentence, and is not one of the factors the trial court is to weigh in considering the seriousness of the offense..

{¶20} The State argues the proper remedy for the trial court's failure to make the requisite findings is to remand for resentencing. Appellee cites to *State v. Wooden*, 2006-Ohio-212 (10th Dist.), in which the court did not remand for resentencing, but remanded solely for the trial court to make the findings on the record. We decline to remand with instructions solely to make findings in support of a community control sanction without giving the trial court an opportunity to reconsider its sentence by applying the correct

statutory standard. The act of making findings is not merely ministerial in this case. The trial court may upon remand make the requisite findings to support its initial conclusion the presumption of a prison sentence was overcome, and impose a sentence of community control. However, the trial court's consideration of the required statutory findings may lead it to find the presumption was not overcome in this case. It is not clear from the record the trial court engaged in the requisite statutory analysis, and therefore, on remand, the trial court must be afforded the opportunity to reach either the same or different conclusion in imposing sentence after applying the correct statutory standard.

{¶21} The assignment of error is sustained. The judgment of the Delaware County Common Pleas Court is reversed. This case is remanded to that court for resentencing.

By: Hoffman, J.
King, P.J. and
Popham, J. concur