**[Cite as *State v. Hanna*, 2025-Ohio-5028.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 31433 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANDREW S. HANNA | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CR-2024-10-3349 |

DECISION AND JOURNAL ENTRY

Dated: November 5, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1}    The State of Ohio appeals from the judgment of the Summit County Court of Common Pleas that sentenced Hanna to community control.  For the following reasons, this Court affirms.

I.

{¶2}    A grand jury indicted Hanna on criminal charges in four separate cases.  The indictments contained counts for robbery (a second-degree felony), robbery (a third-degree felony), theft from a person in a protected class (a fifth-degree felony), and two counts of possession of cocaine (fifth-degree felonies).  Hanna pleaded guilty to all the charges.  The trial court accepted Hanna's pleas, found him guilty, and set the matters for sentencing.

{¶3}    The trial court held a combined sentencing hearing on the four criminal cases.  At the hearing, the State requested that the trial court sentence Hanna to five to seven and a half years of incarceration, which "encompasse[d] all of the cases."  The trial court sentenced Hanna to a

total of five to seven and a half years of incarceration on the count for second-degree robbery. The trial court held Hanna's prison sentence "in reserve" on the condition that Hanna successfully complete three years of community control. As part of Hanna's community control, the trial court ordered Hanna to successfully complete the Special Housing Adjustment Residential Program ("SHARP") and all aftercare.

{¶4} The trial court then sentenced Hanna to prison terms on the remaining counts. The trial court ordered all the prison terms to run concurrently for a total prison sentence of five to seven and a half years, all of which the trial court held "in reserve." At no point did the State object to Hanna's sentence at the sentencing hearing, nor did it later file any type of written objection that might have served as a substitute for a contemporaneous objection. The State now appeals Hanna's sentence, raising one assignment of error for this Court's review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY IMPOSING A TERM OF COMMUNITY CONTROL FOR A SECOND-DEGREE FELONY OFFENSE WITHOUT MAKING THE REQUIRED FINDINGS UNDER R.C. 2929.13(D) TO OVERCOME THE PRESUMPTION IN FAVOR OF A PRISON TERM THAT ATTACHED TO THAT OFFENSE.

{¶5} In its sole assignment of error, the State argues that the trial court erred by sentencing Hanna to community control because the trial court failed to make the required statutory findings when it deviated from the statutory presumption in favor of prison. For the following reasons, the State's assignment of error is overruled.

{¶6} Under R.C. 2929.13(D)(1), "[a] prison term is presumed to be necessary for first- and second-degree felonies." *State v. Vaughn*, 2023-Ohio-1560, ¶ 4 (9th Dist.), citing R.C. 2929.13(D)(1). The trial court may deviate from that presumption only if it makes certain statutory findings. *See* R.C. 2929.13(D)(2). Those findings include that a community control sanction: (1)

"would adequately punish the offender and protect the public from future crime . . .[;]" and (2) "would not demean the seriousness of the offense . . . ." R.C. 2929.13(D)(2).

{¶7} As this Court has held, "[f]ailure to object to the sentencing procedure of the trial judge constitutes a forfeiture of the alleged error." *State v. Burton*, 2006-Ohio-391, ¶ 22 (9th Dist.); *accord State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus ("It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."). The plain error doctrine allows this Court to take notice of errors affecting a substantial right even though they were not brought to the attention of the trial court. Crim.R. 52(B). Yet, "[t]his Court will not undertake a plain error analysis sua sponte when the appellant has failed to assert such an argument in [its] brief." *State v. Singer*, 2023-Ohio-2636, ¶ 26 (9th Dist.).

{¶8} Hanna pleaded guilty to robbery in violation of R.C. 2911.02(A)(2), a second-degree felony. R.C. 2911.02(B). The trial court sentenced Hanna to five to seven and a half years in prison on that count, which it held "in reserve" on the condition that Hanna successfully complete three years of community control. As noted, at no point did the State object to Hanna's sentence at the sentencing hearing, nor did it later file any type of written objection that might have served as a substitute for a contemporaneous objection. *Compare State v. Ross*, 2023-Ohio-1185, ¶ 62 (9th Dist.) (holding that the State sufficiently preserved its sentencing argument when it filed motion to correct sentence before trial court journalized defendant's sentence). Instead, the State raises this issue for the first time on appeal. Thus, the State failed to bring the alleged sentencing error to the attention of the trial court at a time when the trial court could have corrected it. *See State v. McKee*, 91 Ohio St.3d 292, 294 (2001); *Childs* at paragraph three of the syllabus.

Consequently, the State has forfeited the trial court's alleged sentencing error for purposes of appeal. *Burton* at ¶ 22; *but see State v. Rankin*, 2024-Ohio-1570, ¶ 6 (9th Dist.).

{¶9} While forfeiture would not preclude the State from arguing plain error on appeal, the State has not done so. This Court has repeatedly held that we will not construct an argument on an appellant's behalf. *See Singer*, 2023-Ohio-2636, at ¶ 26 (9th Dist.). Because the State failed to preserve its argument for appeal and has not argued plain error, the State's assignment of error is overruled.

III.

{¶10} The State's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———————————————
JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

**{¶11}** In *State v. Rankin*, 2024-Ohio-1570 (9th Dist.), this Court concluded that because the penalties that can be imposed for crimes are statutory, "[a] court has no power to substitute a different sentence for that provided by statute" and the State could not forfeit an argument that the trial court failed to comply with a sentencing statute. *Id*. at ¶ 6. That conclusion applies in this case: the State could not forfeit the argument that the trial court imposed an unlawful sentence. Consequently, I would consider the merits of the State's argument. Because the trial court *did* impose a prison sentence – and the State has not argued that the way in which it did so was error – I would overrule the State's assignment of error and affirm. Accordingly, I concur in judgment only with respect to the lead opinion.

CARR, J.
<u>DISSENTING.</u>

**{¶12}** I respectfully dissent. As this Court stated in *State v. Rankin*, 2024-Ohio-1570, ¶ 6 (9th Dist.), "Crimes are statutory, [] as are the penalties therefor[,] and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute[.]" (Internal quotations and citations omitted.) Thus, the State could not forfeit its argument that the trial court failed to comply with the sentencing statutes.

To hold otherwise would set forth a dangerous precedent and allow statutorily unauthorized sentences to go uncorrected in the absence of objections. Accordingly, I would sustain the assignment of error, vacate the sentence, and remand the matter to the trial court for resentencing.

APPEARANCES:

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellant.

PAUL E. MEYER, Attorney at Law, for Appellee.