[Cite as *State v. White*, 2026-Ohio-2210.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                           :          APPEAL NO.   C-250591
                                                    TRIAL NO.    B-2405453-B
      Plaintiff-Appellant,           :

  vs.                                    :

QUENTIN WHITE,                           :          *JUDGMENT ENTRY*

      Defendant-Appellee.            :


This cause was heard upon the appeal, the record, the briefs, and the arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 6/12/2026 per order of the court.**


**By:**_____
      **Administrative Judge**

[Cite as *State v. White*, 2026-Ohio-2210.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :      APPEAL NO.   C-250591
                                         TRIAL NO.    B-2405453-B
    Plaintiff-Appellant,      :

  vs.                             :             *O P I N I O N*

QUENTIN WHITE,                    :

    Defendant-Appellee.       :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 12, 2026


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Scott Heenan,* Chief Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Margaret Kane,* Assistant Public Defender, for Defendant-Appellee.

.

**ZAYAS, Judge.**

{¶1}    The State appeals the sentence of community control that the trial court imposed on Quentin White, following his guilty plea to robbery, a second-degree felony. The State contends that the trial court failed to make the required statutory findings to overcome the presumption of a prison sentence for a second-degree felony and impose community control. We agree. We reverse the judgment of the trial court and remand the cause for a new sentencing hearing.

### Factual Background

{¶2}    Quentin White was indicted for robbery, in violation of R.C. 2911.02(A)(2), a second-degree felony. While driving a Jeep, White and a codefendant chased a group of juveniles, after the juveniles shined a laser at 2021 Sherman Avenue. White's young children saw the lasers and believed that someone was trying to shoot them, prompting the defendants to chase the juveniles. The defendants found a juvenile hiding behind a tree, exited from the vehicle, and approached the juvenile. The codefendant struck the juvenile in the face, causing the victim to fall to the ground. White stomped on the victim's chest, back, and shoulder. The codefendant stole the victim's Air Jordan shoes and an IPhone 14 Pro-Max, and both men began to flee the scene in the Jeep. The Jeep stopped, and the codefendant returned to the victim to obtain the phone password. The codefendant took the victim's Nike backpack which contained a Chromebook belonging to his school. The event was captured by security cameras in Victory Park.

{¶3}    White pled guilty as charged. The court accepted the plea, found White guilty, and ordered a presentence investigation and victim-impact statement. White submitted a sentencing memorandum requesting a sentence of community control.

{¶4}    White explained that juveniles were shining lasers at people's homes,

making folks believe that a gun was being pointed at them. Multiple people called 911 to report the incident. White's children, who were outside playing, ran into the home and told White that a group of people just pointed guns at them. When White went outside to investigate, he met up with the codefendant, and the two decided to search for the juveniles.

{¶5} White expressed his remorse, stating it was out of character for him to react in that manner. White voluntarily completed an anger-management course. White had no previous felonies. As a result of the charge, White, who was arrested at work, was fired from his job and had been door-dashing and live-streaming since his arrest. White was fully cooperative with the police, identified himself in the video, and took responsibility for his conduct.

{¶6} In his sentencing memorandum, White analyzed all of the applicable sentencing factors. White had no juvenile record but had been convicted of disorderly conduct in 2023. Prior to that, and excluding marijuana possession and traffic-related offenses, his last conviction was in 2010. The offense occurred in circumstances unlikely to recur, and he showed genuine remorse. Under the seriousness factors, the victim was a juvenile who suffered physical harm. The juvenile induced the offense and White acted under strong provocation, the fear for his children's safety.

{¶7} At the sentencing hearing, White's counsel referenced the sentencing memorandum and explained that White did not know his codefendant was going to rob the juvenile. White instructed the codefendant to return the items, but instead, the codefendant took the juvenile's backpack. At that point, White knew what the codefendant had done, and drove away. All of the items were eventually returned to the juvenile.

{¶8} The prosecutor stated that the victim, who was 15 years old, suffered

bruised ribs from the incident, and his father stated that he no longer wanted to go to school or outside of the home. White drove the vehicle and participated in the assault. White never attempted to stop the robbery or return the stolen items. The prosecutor argued that White's conduct was not an accident or mistake and that the facts were egregious. None of the witnesses saw an actual gun and the juveniles did not have a gun, just a laser. People saw a laser and assumed it was a gun.

{¶9} White's counsel responded that multiple people thought the group of teens had guns and had lasers attached to their guns. The body cam reflected the neighbors' beliefs and the numerous 911 calls from neighbors who thought they were going to be shot. White's and the codefendant's children independently thought they were going to get shot and that someone had pointed a gun at them.

{¶10} In imposing sentence, the court found that, "a non-prison sanction is adequate to rehabilitate the offender, protect the public from future crimes, and punish the offender for the offense."

{¶11} The court advised White that he needed to think and calm down before reacting because he could do something to harm another person. The court informed him that, "The only reason why I'm not sending you to prison, because there's some blame going all around. Do you understand? And your attorney gave some valid points as to why I should not send you to prison, okay."

{¶12} The court sentenced White to two years of community control, and ordered him to complete the Cognitive Behavior program, consisting of 52 sessions. The court informed him that if he violated community control, the court could modify his sanctions, continue his probation for up to five years, or sentence him to prison from two to eight years.

{¶13} The State timely appealed. In four assignments of error, the State

contends that the trial court erred by imposing community control without making the proper statutory findings to overcome the presumption of prison, the sentence is contrary to law because the trial court failed to properly advise White of the potential prison sentence he faced for a community-control violation, the court erred by including a different potential prison sentence in the sentencing entry than was announced at the sentencing hearing, and the court failed to properly advise White of Reagan-Tokes sentencing.

## Forfeiture

**{¶14}** As an initial matter, White contends that the State forfeited the sentencing issue for review because it did not object in the trial court and did not seek a plain-error review. White relies on *State v. Hanna*, 2025-Ohio-5028 (9th Dist.), for this proposition. In *Hanna*, the State appealed multiple sentences where the court imposed prison terms, including on a second-degree felony, then held the sentences "in reserve" on the condition that the defendant successfully complete three years of community control. *Id.* at ¶ 2-4. In its sole assignment of error, the State argued that the court failed to make the statutory findings to overcome the presumption of prison on the second-degree felony. *Id.* at ¶ 5.

**{¶15}** The authoring judge overruled the assignment of error after concluding that the State forfeited the issue by failing to object in the trial court and failing to argue plain error on appeal. *Id.* at ¶ 8-9.

**{¶16}** The concurring judge, who concurred in judgment only, relied on *State v. Rankin*, 2024-Ohio-1570 (9th Dist.), Ninth District precedent, and concluded that "the State could not forfeit the argument that the trial court imposed an unlawful sentence." *Id.* at ¶ 11. Addressing the merits of the State's argument, the concurring judge would have overruled the assignment of error because the court imposed a

6

prison term "and the State has not argued that the way in which it did so was error." *Id.*

{**¶17**} The dissenting judge, also relying on *Rankin*, determined that "the State could not forfeit its argument that the trial court failed to comply with the sentencing statutes. To hold otherwise would set forth a dangerous precedent and allow statutorily unauthorized sentences to go uncorrected in the absence of objections." *Id.* at ¶ 12. The judge would have sustained the assignment of error, vacated the sentence, and remanded the matter to the trial court for resentencing. *Id.*

{**¶18**} As the State points out, only one judge in *Hanna* determined that the State forfeited the error. The majority concluded that the State could not forfeit the error relying on *Rankin*. In *Rankin*, the Ninth District considered and rejected the forfeiture argument and held,

> 'Crimes are statutory,' however, 'as are the penalties therefor[,] and the only sentence which a trial court may impose is that provided for by statute.' *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). 'A court has no power to substitute a different sentence for that provided for by statute[.]' *Id.* Accordingly, the State could not forfeit the trial court's failure to comply with Section 2929.13(D)(2) when the court announced its sentence. Furthermore, Section 2953.08(G)(1) provides that, '[if] the sentencing court was required to make * * * findings required by [Section 2929.13(D)] * * * and * * * failed to state the required findings on the record, the court hearing an appeal * * * shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.'

*Rankin* at ¶ 6.

**{¶19}** Notably, the Fifth District also rejected this argument in *State v. Nosrati*, 2025-Ohio-2343 (5th Dist.). The court noted in a footnote, "Because the trial court is statutorily required to make these findings in order to impose a sentence of community control in this case, we reject Appellee's argument the State has waived all but plain error by its failure to object to the trial court's failure to make the statutory findings." *Id.* at ¶ 8, fn. 1. We agree with the Fifth and Ninth Districts and conclude the State did not waive this issue because the court is required to make the findings. *See id.*; *Rankin* at ¶ 6.

### Presumption of Prison

**{¶20}** In the first assignment of error, the State contends that the trial court erred by sentencing White to community control on a second-degree felony without making the required R.C. 2929.13(D)(2) findings, which renders the sentence contrary to law.

**{¶21}** Under R.C. 2929.13(D)(1), for a second-degree felony, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." To overcome the presumption, the trial court is required to find that a community control sanction (1) "would adequately punish the offender and protect the public from future crime" and (2) "would not demean the seriousness of the offense." R.C. 2923.13(D)(2). When a trial court fails to make the requisite findings, the sentence must be vacated and the matter remanded to the trial court for a new sentencing hearing.

**{¶22}** R.C. 2929.12(B) contains factors for the court to consider in determining whether an "offender's conduct is more serious than conduct normally constituting the offense." The following two factors apply in this case,

(1) The physical or mental injury suffered by the victim of the offense

8

due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm, including serious physical harm the victim caused to the victim's self, as a result of the offense.

**{¶23}** A court is also required to consider factors to determine whether an "offender's conduct is less serious than conduct normally constituting the offense." R.C. 2929.12(C). Those factors are,

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

**{¶24}** Next, the court is required to consider factors that indicate the offender is likely to commit future crimes. R.C. 2929.12(D). The factors applicable here are,

(2) The offender previously was adjudicated a delinquent child . . . or the offender has a history of criminal convictions.

(3) The . . . offender has not responded favorably to sanctions previously imposed for criminal convictions.

(5) The offender shows no genuine remorse for the offense.

**{¶25}** Finally, a court is required to consider factors that indicate an offender "is not likely to commit future crimes." The applicable factors are,

(2) Prior to committing the offense, the offender had not been convicted

of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) Except as provided in division (G) of this section, the offender shows genuine remorse for the offense.

**{¶26}** To overcome the presumption of prison the "sentencing court must make both of the findings specified in R.C. 2929.13(D)(2)" at the sentencing hearing. *Nosrati*, 2025-Ohio-2343, at ¶ 8 (5th Dist.). Applying the analysis set forth in *State v. Bonnell*, 2014-Ohio-3177, regarding the necessary findings for consecutive sentences, the Fifth District concluded that an appellate court must review "the trial court's statements at the sentencing hearing to determine if [it] can discern the trial court engaged in the correct analysis required by R.C. 2929.13(D)(2)." *Nostrati* at ¶ 9.

**{¶27}** Here, the trial court found that a sentence of community control would adequately "protect the public from future crimes and punish the offender for the offense" as required by R.C. 2929.13(D)(1)(a). Although the court did not explicitly discuss the relevant recidivism factors, the court "has no obligation to state reasons to support its findings." *Id.* The trial court advised defense counsel that it had read through all of the sentencing factors and that counsel had "covered them sufficiently." The court advised White that the sentence of community control was based in part on the valid points raised by his counsel. Thus, the trial court's statements reflect that the trial court engaged in the correct analysis required by R.C. 2929.13(D)(2).

**{¶28}** The second finding that the court made was that "a non-prison sanction is adequate to rehabilitate the offender." However, the statute requires a finding that "a community control sanction would not demean the seriousness of the offense." R.C.

2929.12(D)(1)(b). The court did not make that finding, although it referenced one of the seriousness findings, that the victim was also to blame. Whether an offender is amenable to community control is not a finding the court is required to make under R.C. 2929.13(D)(2) and is not a seriousness factor. *See Nosrati* at ¶ 19. The record does not demonstrate that the court made the required R.C. 2929.13(D)(1)(b) finding.

{¶29} As for the remedy, the *Nosrati* court found that the trial court made the R.C. 2929.13(D)(2)(a) finding but did not make the R.C. 2929.13(D)(2)(b) finding. The court declined "to remand with instructions solely to make findings in support of a community control sanction without giving the trial court an opportunity to reconsider its sentence by applying the correct statutory standard." *Nosrati*, 2025-Ohio-2343, at ¶ 20 (5th Dist.). The court reasoned that "the trial court's consideration of the required statutory findings may lead it to find the presumption was not overcome in this case." *Id.*

{¶30} White contends that the findings were sufficient to overcome the presumption of prison. White cites to *State v. Rodriguez*, 2024-Ohio-4653 (1st Dist.), for the proposition that findings are not required when a prison sentence is imposed. *Id.* at ¶ 17. The *Rodriguez* court addressed a sentence where the trial court found the presumption of prison was not rebutted. *Id.* at ¶ 18. In that instance, "a trial court is not required to make findings with respect to the presumption of incarceration when the court follows the presumption by imposing a prison term." *Id.* at ¶ 17, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 9. Here, the court found that the presumption was overcome, which requires specific findings under R.C. 2929.13(D)(2). *See Nosrati* at ¶ 8.

{¶31} White also argues that under *State v. Connor*, 2020-Ohio-5519 (10th Dist.), the findings were sufficient to comply with R.C. 2929.13(D)(2). However, in

*Connor*, the trial court explicitly discussed the recidivism factors and its reasons for imposing community control, including Connor's criminal history, past successful completion of probation, and his risk assessment score. *Id.* at ¶ 4. The court also noted the only seriousness factor that may have applied, defendant's relationship to the victim. *Id.* Ultimately, the appellate court concluded that none of the seriousness factors applied to Connor. *Id.* at ¶ 15 ("The trial court's recognition of the fact of the prior relationship as a seriousness factor points only to the identity of the victim, but nothing appears in the record that the former relationship facilitated any other aspect of the crime. The record essentially does not support any seriousness factor listed in R.C. 2929.12(B).").

**{¶32}** Here, unlike *Connor*, the only specific factor mentioned by the court was the seriousness factor that the victim induced or facilitated the offense, and the court did not discuss the other applicable seriousness factors. As previously discussed, the court did not make a finding that "a community control sanction would not demean the seriousness of the offense" as required by R.C. 2929.13(D)(2)(b).

**{¶33}** Accordingly, we sustain the first assignment of error, rendering the State's second, third, and fourth assignments of error moot.

## Conclusion

**{¶34}** Having sustained the State's first assignment of error, we reverse the sentence imposed by the trial court and remand the cause for a new sentencing hearing.

Judgment reversed and cause remanded.

**KINSLEY**, **P.J.**, and **MOORE, J.**, concur.